UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EDDIE SANTANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-CV-0174-CVE-SH |
| | ) | |
| NCB MANAGEMENT SERVICES, INC., | ) | |
| et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Before the Court are a pro se complaint filed by plaintiff Eddie Santana (Dkt. # 1), and a motion to proceed in forma pauperis (Dkt. # 2). On May 1, 2023, plaintiff filed this case against thirty-three defendants alleging violations of the Fair Debt Collections Practices Act (FDCPA) against all defendants (count one), and a state law claim for contract impossibility of performance against all but one defendant (count two). Dkt. # 1, at 8. Plaintiff seeks monetary damages from "each defendant."[1] Id. Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

The Court addresses plaintiff's complaint sua sponte because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" See 1mage Software, Inc. v. Reynolds

---

[1] Plaintiff's complaints states that he should be compensated "in the amount of $1,000 from each defendant for a total of $31,000 . . . ." Dkt. # 1, at 8-9. The Court notes that defendant's complaint lists thirty-three defendants, and understands he is seeking $31,000 - $33,000 as to count one and seeks avoidance of all contracts except his Arvest bank home mortgage as to count two.

& Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006)); see also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case"); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction"). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

Plaintiff alleges that for more than a decade he "accumulated many credit cards and loans" and "kept up with [his] financial obligations." Id. at 6. Recently, he was injured and required surgery, which has prevented him from working as he had before the injury. Id. As a result of his lost income, he has not been able to "meet [his] financial obligations to [his] creditors" who are "coming after [him] for the monies due them by way of daily phone calls, emails, texts, and letters."

Id. at 7. He has "explained" his situation to the "30 or more creditors," and he "cannot meet any payment arrangement they would like." Id. The creditors continue to "barrage [him] with phone calls, emails, etc., after [he] requested for them to stop." Id.

Plaintiff alleges subject matter jurisdiction pursuant to 28 U.S.C. § 1331, for a claim arising under the FDCPA, and supplemental jurisdiction over his state law contract claim pursuant to 28 U.S.C. § 1367. Dkt. # 1, at 2. The Court will consider whether plaintiff's complaint could be construed to allege a colorable claim arising under federal law. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's properly pleaded complaint. See Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." Martinez v. United States Olympic Comm., 802 F.2d 1275, 1280 (10th Cir. 1986)).

Plaintiff alleges all of the defendants violated the FDCPA by failing to cease communications in violation of 15 U.S.C. § 1692c, and the Court will consider whether he has alleged a potentially valid claim under the statute. Plaintiff's claim for relief states that the FDCPA prohibits "any contact after a consumer has asked the creditor in writing to cease communications." Dkt. # 1, at 8. This is inaccurate. "The FDCPA applies only to 'debt collectors' seeking satisfaction of 'debts' from 'consumers'; it does not apply to 'creditors.'" McKinney v. Cadleway Props., Inc., 548 F.3d 496, 501 (7th Cir. 2008). The FDCPA defines "debt collector" as "any person who uses any instrumentality

3

of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed . . . ." 15 U.S.C. § 1692a(4). The facts alleged in plaintiff's complaint concern only "creditors," and he does not allege any specific actions by any of the individual defendants. Dkt. # 1, at 7, 8 (stating that he cannot meet his obligations to his "creditors" who are "coming after" him with calls, texts, and emails, and that, "with 30 or more creditors," he cannot make a satisfactory payment arrangement). Construing his complaint broadly, the Court interprets the allegations against "creditors" to apply to all thirty-three defendants.[2] As plaintiff's facts allege all thirty-three defendants are creditors under the FDCPA, plaintiff cannot assert a colorable FDCPA claim against any of them.

---

[2] The Court notes that, while plaintiff's facts refer only to "creditors" and his claim for relief under the FDCPA clearly articulates his misunderstanding that the FDCPA applies to "creditors," when identifying the parties, plaintiff does label four of the thirty-three defendants as "collection agenc[ies]" or "law firm[s] operating as [] collection agenc[ies]." Dkt. # 1, at 2, 4. Those four defendants are NCB Management Services, Inc., Hood and Stacy PA, Fisher and Fisher, and Mee Mee Hoge & Epperson PLLP. Even if plaintiff means to allege these four defendants are "debt collectors" under the FDCPA, his complaint still fails to state a claim for relief. First, it lacks any facts to support a conclusion that these four defendants are "debt collectors," such as any allegations suggesting that any of them are principally in the business of collecting debts owed to another person or entity, even if they might incidentally collect debts owed to them. Plaintiff has not even made a general allegation that any of these defendants are "debt collectors" under the FDCPA. Further, even if they were "debt collectors" under the 15 U.S.C. § 1692a, plaintiff still fails to state a claim for relief under 15 U.S.C. § 1692c. This is because he has not adequately alleged facts to support that his written notice satisfied the requirements of § 1692c, nor has he adequately alleged facts that suggest whether the subsequent communications were permissible or prohibited under § 1692c. Therefore, even if the Court were to find that these four defendants were alleged to be "debt collectors" under the FDCPA, the result would be the same and plaintiff's federal law claim would still be dismissed without prejudice.

Plaintiff has not alleged a colorable claim arising under federal law, and the Court cannot exercise federal question jurisdiction over this case. The Court find no basis to exercise jurisdiction over this case under 28 U.S.C. §§ 1331 or 1332; therefore, the Court cannot exercise supplemental jurisdiction over his state law contract claim. Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that plaintiff Eddie Santana's complaint (Dkt. # 1) is **dismissed without prejudice** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **moot**.

**DATED** this 3rd day of May, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE